IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER L. DAVY,                                  Civil No. 08-37-AA
                                                OPINION AND ORDER
      Plaintiff,

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

---

H. Peter Evans
9900 SW Greenburg Road
Columbia Business Center, Suite 235
Portland, Oregon 97223
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Kathryn A. Miller
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, Roger Davy, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1 - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act. Defendant moves to dismiss alleging failure to exhaust administrative appeal remedies regarding plaintiff's claim for benefits. Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On January 25, 2006, plaintiff filed an application for a period of disability and disability insurance benefits, which was denied initially and upon reconsideration. On November 9, 2006, defendant alleges that it issued a notice of reconsideration, informing plaintiff that he could appeal and request a hearing within sixty days from the date of the notice. On January 18, 2007, plaintiff's counsel submitted a memo to the Social Security Administration (SSA) requesting the status of plaintiff's claim. By faxed memorandum in either January or February 2007, defendant informed plaintiff's counsel that plaintiff's claim had been denied and that if he appealed the denial, he would need to include a statement explaining why the appeal was late. Nearly three months later, on May 2, 2007, plaintiff's counsel filed a request for a hearing stating he missed the deadline to request a hearing because he did not receive the reconsideration denial notification dated November 9, 2006. Plaintiff's counsel also stated that he faxed a request for a status report to the district office on January 18, 2007, and did not receive a response.

On June 28, 2007, an Administrative Law Judge (ALJ) issued an order dismissing plaintiff's request for a hearing because he

2   - OPINION AND ORDER

did not find good cause for the late filing under the standards set forth in 20 C.F.R. § 404.911. On July 5, 2007, plaintiff then filed a request for review with a statement of good cause. On November 30, 2007, the Appeals Council affirmed the ALJ's decision and denied plaintiff's request for review of this dismissal.

## DISCUSSION

There is no dispute that the exclusive jurisdictional basis for judicial review of cases arising under the Act is 42 U.S.C. § 405(g), which provides that any individual, after any final decision by the SSA Commissioner, may obtain a review of the decision by a civil action commenced within sixty days after the mailing to him of notice of such decision "or within such further time as the Commissioner of Social Security may allow." Id. Also, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

The SSA regulations provide that a claimant must complete a four step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a). If the claimant fails to pursue administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981. The regulations provide that an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing

3   - OPINION AND ORDER

before an ALJ. 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own decision. Id. Regardless, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's decision. Id., 20 C.F.R. § 422.210. Upon a showing of good cause, however, the Commissioner can extend the time for seeking review. See 20 C.F.R. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982.

The defendant contends that because plaintiff failed to exhaust administrative appeals remedies, he did not obtain a judicially reviewable "final decision" and therefore his complaint seeking review must be dismissed. The plaintiff asserts that the ALJ erred by dismissing plaintiff's request for a hearing when plaintiff's lack of notice establishes "good cause" for plaintiff's untimely request. Title 20 C.F.R. § 404.933(c) provides that if a claimant shows "good cause for missing the deadline, the time period will be extended." To determine whether good cause exists, the agency looks to 20 C.F.R. § 404.911. That section explains:

> (a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider . . . .
>
> (1) What circumstances kept you from making the

4   - OPINION AND ORDER

>     request on time;
>
>     . . .
>
>     (b) Examples of circumstances where good cause may
>     exist include, but are not limited to, the
>     following situations:
>
>     . . .
>
>     (7) You did not receive notice of the determination
>     or decision.

Here, plaintiff relies on "uncontroverted evidence" that neither plaintiff's attorney nor plaintiff received the November 9, 2006, reconsideration denial notice, nor did they receive the January or February 2007, faxed response from SSA. Plaintiff relies on the fact that plaintiff's counsel called the SSA in April 2007, to inquire again about the status of plaintiff's reconsideration request, and reasons that there would have been no reason to call the SSA about the reconsideration status if plaintiff's counsel had already received notice of the reconsideration denial.

Defendant asserts that regardless, the Commissioner's ruling denying additional time is not subject to judicial review. The Ninth Circuit has held that "permitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims." Matlock v. Sullivan, 908 F.2d 492, 494 (9th Cir. 1990). The regulations specifically provide that a ruling denying a request to extend a time period for seeking review is not an "initial determination" subject to the administrative appeals process and ultimately to judicial review. See 20 C.F.R. § 404.903(j). A ruling denying additional time is similar to a ruling refusing to reopen a prior application, which

5   - OPINION AND ORDER

the regulations also specify is not an "initial determination," 20 C.F.R. § 404.903(1), and which the Supreme Court has held is ordinarily not subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-09 (1977). The defendant argues that while the agency affords claimants an opportunity to seek an extension of time after missing a filing deadline, Sanders establishes that, absent a colorable constitutional claim, a ruling denying such a request is not subject to judicial review. Id. at 108. Sanders holds: "Congress' determination to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." Id.

Plaintiff maintains that this doctrine is inapplicable because the ALJ's affirmance of the denial of a hearing constitutes a "hearing" and therefore affords this court jurisdiction. Plaintiff asserts that the Commissioner violated his own regulations by denying him a hearing when there was "good cause" for the late filing of the request for a hearing. The good cause alleged by plaintiff was plaintiff's failure to receive a copy of the reconsideration denial notice from the SSA. 20 C.F.R. § 404.911. Subsequent to the Ninth Circuit's decision in Matlock, in 2000, the Ninth Circuit recognized that the Commissioner should not foreclose judicial review by denying a hearing, particularly when, as here, the denial is contrary to the Commissioners's own regulations. McNatt v. Apfel, 201 F.3d

6   - OPINION AND ORDER

1084 (9th Cir. 2000).[1] In McNatt, after the claimant was denied a hearing, and the district court held that because no hearing took place, it had no jurisdiction to hear the appeal, the court held that a "hearing," as used in § 405(g) "has a broader meaning." Id. at 1087. The court reasoned:

> The hearing requirement of § 405(g) is intended to ensure that claimants do not bypass the administrative procedure established to resolve their claims. . .. Accordingly, this court has held that a claimant who simply refuses to attend a hearing, either personally or through counsel, is not entitled to judicial review of a dismissal for failure to attend. However, it does not follow that because a claimant who refuses to participate in a hearing forfeits judicial review, a claimant who appears at a scheduled hearing through counsel and seeks a continuance also forfeits review. We believe that '[i]t would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing,' and that '[t]his concern is heightened where, as here, the claimant alleges that the agency denied him a hearing in violation of its own regulations.' Accordingly, we hold that when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g). We therefore conclude that [plaintiff] is seeking judicial review of a 'final decision . . . made after a hearing,' and that the district court had jurisdiction to review the decision of the ALJ.

Id. (internal citations omitted).

The situation is similar here. Plaintiff was denied a hearing and defendant argued that plaintiff had no right to judicial review, despite the fact that the denial of a hearing was contrary to the Commissioner's regulations. In McNatt, the court was specifically concerned that: "[t]he hearing requirement of § 405(g) is intended to ensure that claimants do not bypass

---

[1] See also, Evans v. Chater 110 F.3d 1480 (9th Cir. 1997) (distinguishing Matlock, supra).

7   - OPINION AND ORDER

the administrative procedure established to resolve their claims." Id. Here, like McNatt, there was no attempt to bypass the administrative procedure. Therefore, relying on the Ninth Circuit's reasoning underlying McNatt, I find that when the ALJ denied plaintiff's right to a hearing based upon the alleged absence of "good cause," despite a regulation indicating that a lack of notice suffices for good cause, the ALJ effectively afforded plaintiff a "hearing" for the purpose of establishing this court's jurisdiction pursuant to 42 U.S.C. § 405.

## CONCLUSION

Defendant's motion to dismiss based on lack of subject matter jurisdiction (doc. 11) is denied.

IT IS SO ORDERED.

Dated this  17  day of September 2008.


                                        /s/ Ann Aiken
                                        Ann Aiken
                                  United States District Judge

8    - OPINION AND ORDER