IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER L. DAVY,                                                      Civil No. 08-37-AA

                                                                              OPINION AND ORDER

       Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

David B. Lowry
Attorney At Law
9900 SW Greenburg Road
Columbia Business Center, Suite 235
Portland, Oregon 97223
       Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Kathryn A. Miller
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Roger Davy brings this action pursuant to section 405(g) of the Social Security Act (the "Act") to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits ("DIB"), and denying him a hearing before an Administrative Law Judge ("ALJ"). I reverse and remand the decision for further development of the record.

## PROCEDURAL BACKGROUND

Davy filed an application for DIB on January 25, 2006. He alleged disability since April 15, 2004, due to heart and back impairments in conjunction with depression. After the application was initially denied, Davy filed a Request for Reconsideration, which was also denied. On November 9, 2006, the Commissioner issued notice of the denial upon reconsideration. According to the Commissioner, the Notice of Reconsideration was mailed to Davy, but not to his attorney. The notice contained information that Davy had the right to appeal the decision and request a hearing within 60 days. Both Davy and his counsel assert they never

received the notice. On January 18, 2007, Davy's attorney asked the Commissioner to provide a status update regarding the Request for Reconsideration. According to the Commissioner, the Social Security Administration ("SSA") faxed a reply advising of the November 9 denial to Davy's attorney on January 19, 2007. According to Davy's attorney, the faxed reply never arrived. On April 27, 2007, Davy's attorney called the SSA and learned for the first time of the November 9 denial. On May 2, 2007, Davy's attorney filed a Request for Hearing, indicating that he did not learn of the denial of the request for reconsideration until April 27, 2007. On June 28, 2007, an ALJ issued an order denying the Request for Hearing, finding a lack of "good cause" for the late hearing request under 20 C.F.R. § 404.911. On July 5, 2007, Davy filed a Request for Review with the Appeals Council. On November 30, 2007, the Appeals Council affirmed the ALJ's decision. On January 3, 2008, Davy filed a complaint in U.S. District Court for the District of Oregon. The Commissioner subsequently filed a motion to dismiss for lack of subject matter jurisdiction, which the court denied on September 17, 2008. After the court granted a number of extensions of time to both parties, on August 14, 2009, the Commissioner filed a Motion for Reconsideration. On October 22, 2009, the court denied the Commissioner's Motion for Reconsideration. At that time, Davy's opening brief which sought only to obtain a hearing before an ALJ, had been filed for five months. It has now been filed for nearly ten months, and Davy's application for DIB was filed over four years ago.

## DISCUSSION

If a claimant has the right to a hearing, but fails to request one by the deadline, upon a showing of "good cause for missing the deadline, the time period *will* be extended." 20 C.F.R. § 404.933© (emphasis added). Good cause for missing the deadline exists when, for

example, a claimant "did not receive notice of the determination or decision." 20 C.F.R. § 404.911(7).

Davy argues that because neither he nor his attorney received the Notice of Reconsideration or a response to the January fax, good cause exists.  According to the Commissioner, however, Davy did not show good cause because he failed to rebut the presumption under 20 C.F.R. § 404.901 that notice is received within five days of mailing it.  But section 404.901, entitled "Definitions," merely reads "Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period." The Commissioner fails to cite any mandatory authority for the proposition that the definition creates a rebuttable presumption.  Moreover, the Commissioner has submitted no evidence that the Notice of Reconsideration, dated November 9, 2006, was ever actually mailed.  The fact that Davy's address was correctly listed on the top of the notice is not evidence that it was mailed. Moreover, the Declaration of Rose Ray, the SSA officer who had custody of the Davy file, notably omits any statement that the Notice of Reconsideration was actually mailed.

There is no question that Davy had a right to a hearing.  If the Notice was never received by Davy or his attorney, good cause existed to grant an extension of time to request a hearing.  On this point, I have previously found that "the ALJ denied plaintiff's right to a hearing based upon the alleged lack of 'good cause,' despite a regulation indicating that a lack of notice suffices for good cause." Order (#17).

There is evidence that Davy's attorney requested a status update on January 18, 2007.  Although this is not conclusive evidence that the notice was never received, it is consistent with Davy's premise.  In addition, Davy and his attorney had every incentive to file a Request for

4

a Hearing upon receipt of the Notice. The SSA is not similarly motivated to provide notice to claimants. Based on the above facts, I find that Davy never received the Notice of Reconsideration, and therefore good cause existed to grant an extension of time.

In addition, Davy has a colorable due process claim since he was denied notice and a hearing. Davy argues he was denied his constitutional right to notice and a hearing when his application for disability benefits was denied in the administrative manner outlined above.

Rejection of a social security claim without an opportunity for consideration of the merits is a due process violation and therefore presents a colorable constitutional claim. Singer v. Schweiker, 694 F.2d 616, 618 (9th Cir. 1982). I am persuaded that due process requires that a claimant receive meaningful notice and an opportunity to be heard before a claim for disability benefits may be denied. Popp v. Sec. of Health and Human Servs., No. CV 85-6099, 1988 WL 147419 at *2 (D. Kan. 1988). Such a conclusion is in keeping with well-established Ninth Circuit precedent that in general "public policy favors a disposition of cases on their merits." Molski v. Pismo Bowl, 248 Fed. Appx. 827, 829 (9th Cir. 2007).

For the above reasons, Davy shall be afforded the opportunity to have a hearing on the merits of his disability claim before an ALJ.

///

///

///

///

///

## CONCLUSION

Accordingly, the decision of the Commissioner is reversed and remanded for further proceedings.

IT IS SO ORDERED.

Dated this   11   day of March 2010.

/s/ Ann Aiken
Ann Aiken
U.S. District Court Judge